

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

July 10, 1967

Honorable Henry Wade
District Attorney
Dallas County
Dallas, Texas 75202

Opinion No. M-102

Re: Whether the Dallas County
Auditor has the authority
to carry out certain dele-
gated duties authorized by
an order of the Commissioners
Court of Dallas County pur-
suant to Art. 4494n, Vernon's
Civil Statutes.

Dear Sir:

You have requested the opinion of this office on the
following question:

Does the County Auditor of Dallas County
have the authority to carry out duties authorized
by Commissioners Court Order No. 44304, dated
April 3, 1967?

Article 4494n, Vernon's Civil Statutes, governs the
creation and operation of the County Hospital District in Dallas
County. Section 6 of Article 4494n reads as follows:

"The Commissioners Court of any such county
shall have the power to prescribe the method and
manner of making purchases and expenditures by and
for such Hospital District, and also shall be au-
thorized to prescribe all accounting and control
procedures, or may delegate any or all such powers
to the Board of Managers of such District by the
adoption of an appropriate resolution or order to
that effect. The Hospital District shall pay all
salaries and expenses necessarily incurred by the
county or any of its officers and agents in per-
forming any duties which may be prescribed or re-
quired under this section. It shall be the duty of

-460-

> any officer, employee or agent of such county to
> perform and carry out any function or service pre-
> scribed by the Commissioners Court hereunder."
> (Emphasis added.)

The Dallas County Commissioners Court adopted Order
No. 44304, dated April 3, 1967, which reads in part as follows:

> ". . .
>
> "'Accounting Procedures:  The Hospital Admini-
> strator and the County Auditor, representing the Com-
> missioners Court, shall jointly establish and keep in
> full force and effect Accounting Procedures for the
> Hospital District subject to the approval of the Hos-
> pital District Board of Managers.'"

The Legislature in enacting Section 6 of Article 4494n,
Vernon's Civil Statutes, made it very clear that the Commissioners
Court has the power to prescribe the accounting and control proce-
dures for the Hospital District, or that "any or all" of the powers
granted may be delegated to the Board of Managers of such District
by the adoption of an appropriate resolution or order to that ef-
fect.  The Board of Managers has the power to authorize the Hospital
Administrator to act for the Board of Managers.  This same Section
6 also sets out that it shall be the duty of any officer, employee,
or agent of the county to perform and carry out any function or
service prescribed by the Commissioners Court, and also provides
for their reimbursement for carrying out said function or service.

Article 4494n, Vernon's Civil Statutes, in Section 6,
gives the Commissioners Court broad discretion to delegate authority
to the Board of Managers and the Administrator of the Hospital Dis-
trict and to any officer, employee, or agent of the county.  The
Commissioners Court, under authority of Article 4494n, Section 6,
has by official order delegated the duty to the County Auditor,
jointly with the Hospital Administrator, to establish and keep in
full force and effect accounting procedures for the Hospital District
of Dallas County subject to the approval of the Hospital District
Board of Managers.

## S U M M A R Y

Under the authority of Section 6 of Article 4494n, Vernon's Civil Statutes, the County Auditor of Dallas County has been given proper authority, by the Commissioners Court, jointly with the Hospital Administrator, to establish and keep in full force and effect accounting procedures for the Hospital District subject to the approval of the Hospital District Board of Managers.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by William J. Craig
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
Marvin Sentell
Ronald Luna
Mary K. Wall
Jack Goodman

A. J. CARUBBI, JR.
Staff Legal Assistant